# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                  **Case No. 07-CR-39**

**JEROME JOHNSON**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Jerome Johnson pleaded guilty to possession with intent to deliver five kilograms or more of cocaine, contrary to 21 U.S.C. § 841(a)(1) & (b)(1)(A). The probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing, which set defendant's offense level at 27 (base level 32, U.S.S.G. § 2D1.1(c)(4), minus 2 under the safety valve provision, § 2D1.1(b)(9), and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an imprisonment range of 70-87 months under the advisory sentencing guidelines. The government moved for a sentence reduction under U.S.S.G. § 5K1.1 to reward defendant for his substantial assistance in the prosecution of others, and defendant requested a non-guideline sentence under 18 U.S.C. § 3553(a). In this memorandum, I provide written reasons for the sentence imposed.

## I. SENTENCING PROCEDURE

In imposing sentence in the present case, I followed a three-step procedure. First, I calculated the advisory sentencing guideline range. See United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007). The parties agreed with the guideline application in the PSR, which I found correct and accordingly adopted. Second, I considered the government's departure

motion under U.S.S.G. § 5K1.1, awarding a 6 level reduction. Finally, I imposed a sentence of 20 months upon consideration of all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Jimenez-DeGarcia, 481 F. Supp. 2d 946, 950 (E.D. Wis. 2007) (describing the three-step sentencing procedure); see also Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (stating that the sentencing judge will normally begin by considering the PSR and the guidelines, then hear arguments for departures under the Commission's policy statements or a non-guideline sentence based on § 3553(a) considerations).

## II. SUBSTANTIAL ASSISTANCE MOTION

**A.  Legal Standard**

In ruling on a substantial assistance motion, the court considers:

(1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

The guideline directs the court to give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within the court's discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors

2

partially present. <u>United States v. Matthews</u>, 463 F. Supp. 2d 916, 918 (E.D. Wis. 2006).

**B.    Discussion**

In the present case, I awarded 2 levels under the first § 5K1.1 factor because defendant's assistance was significant and useful in obtaining the arrest of Maurice Glenn, who then agreed to cooperate against his source, Sergio Robles, leading to Robles's arrest. Defendant's assistance was also significant in obtaining the arrest of Marcus Adams with fake cocaine defendant provided in a controlled sale. Adams and Glenn were prosecuted in this district and sentenced to 240 and 57 months in prison, respectively. Robles was a fugitive, but the government was able to forfeit money seized on his arrest.

Under the second factor, I awarded 1 level because it appeared that defendant's information was truthful, but I lacked any evidence of its completeness or that it was relied upon in any significant way. Under the third factor, I awarded 2 levels because defendant not only provided information, he also pro-actively cooperated, making recorded phone calls and setting up deals with Glenn and Adams. When Glenn arrived at the scene in that deal, defendant identified him, leading to Glenn's arrest. Defendant also provided eight kilograms of fake cocaine to Adams, after which law enforcement arrested Adams.

I granted no reduction under the fourth factor. Although defendant pointed out that he cooperated against potentially dangerous individuals, neither side submitted any specific evidence of danger, threats, or particular risk (beyond that present in all drug cases). Finally, I awarded 1 level under the fifth factor because defendant agreed to cooperate immediately upon his arrest, leading agents to his residence, turning over drug proceeds, and describing his activities in obtaining cocaine from Robles in Chicago, at times via Glenn, and selling it to Adams in Milwaukee. I awarded no more based on the lack of evidence that the timeliness of

3

the cooperation was particularly significant in any investigation.

Therefore, I awarded a total reduction of 6 levels, making the revised range 37-46 months.

### III. IMPOSITION OF SENTENCE UNDER § 3553(a)

**A.    Sentencing Factors**

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007). Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that

4

is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence is the correct one or elevate the guidelines above the other factors in the statute. See, e.g., United States v. Schmitt, 495 F.3d 860, 864-65 (7th Cir. 2007); United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, the court must be guided by the statute's "parsimony provision" in imposing sentence post-Booker. United States v. Santoya, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007).

**B.  Discussion**

    **1.  Nature of Offense**

Defendant transported a substantial amount of cocaine from Chicago to Milwaukee. Upon his arrest, officers found eight kilograms of the drug in his vehicle. The crime was serious based on the amount alone.

Defendant stated that became involved in the drug trade due to financial pressures, as he was unemployed and wanted to help his wife, who was working and supporting the household, particularly after his elderly and infirm parents moved in with them. I accepted that this was his motive, but I saw no evidence that he could not obtain legitimate employment as a means of helping out. In fact, following his arrest in this case he found a job and worked steadily for several months prior to sentencing.

    **2.  Character of Defendant**

Defendant was thirty-five years old and his only adult record was a 1991 retail theft case.

5

He qualified for the safety valve based on his lack of record, the absence of violence or any leadership role in the offense, and his cooperation. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

Defendant described a good upbringing, with caring parents. Nevertheless, he seemed to go somewhat astray in his teen years, dropping out of high school and picking up some juvenile cases. He had not gotten his GED and until recently had no employment record to speak of; rather, it appeared that he had been supported by his wife for much of that time. The PSR reported some health issues, including type 2 diabetes, high blood pressure and chest pain, which were serious but not functionally disabling or beyond the ability of the Bureau of Prisons to treat.

Defendant reported using marijuana daily prior to his arrest, but to his credit he stopped that following his arrest, which was confirmed by his negative screens on pre-trial release. He also reported past cocaine use, but stopped that as well due to his health concerns.

Defendant seemed on a much better path since his arrest in this case. As noted above, he steadily worked for the first time, abstained from drug use, and followed all of the rules of pre-trial release. In a letter to the court, his wife also indicated that he had made changes for the better. Defendant stated that he cooperated in part to turn over a new leaf. As I noted at the sentencing hearing, sometimes cooperation is a sign of positive character development; other times, it is just an attempt to lower the sentence. Given his sobriety, what appeared to be sincere statements about changing, and his efforts to help his infirm parents, I believed defendant when he said it was the former. Defendant also expressed genuine remorse during his allocution, and I had little doubt that defendant was sincere in his statements about reforming. It appeared that defendant had done everything in his power to atone for his crime

6

following his arrest. Finally, many supporters appeared at defendant's sentencing hearing, demonstrating that he would have strong support in the community upon his release from prison.

### 3. Purposes of Sentencing and Guidelines

Given the seriousness of the crime, particularly the large amount of cocaine involved, a period of confinement was necessary to provide just punishment and promote respect for the law in this case. See 18 U.S.C. § 3553(a)(2)(A). However, I did not see defendant as presenting a danger to the public or a risk of re-offending, given his minimal record and efforts at cooperating and changing his life. See 18 U.S.C. §§ 3553(a)(2)(B) & (C). Aside from substance abuse, which appeared to be reasonably under control without treatment, I saw no correctional needs (although it would probably help if defendant got his GED). See 18 U.S.C. § 3553(a)(2)(D).

The guidelines called for a term of 37-46 months after the departure. Under all of the circumstances, I found a sentence of 20 months sufficient but not greater than necessary. This sentence provided sufficient punishment and deterrence of others, while recognizing that defendant posed a minimal risk and had made great strides in turning his life around. He also had strong support in his wife and family for his re-entry into the community. Therefore, the guideline term was greater than necessary to provide for deterrence and protection of the public. Because this sentence varied modestly slightly from the guidelines after the government's departure request and was based on the particular facts of the case, it did not create unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

## IV. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 20 months. Upon release, I ordered him to serve a three year supervision term, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge